```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/24/07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
STUART FROMM,                                    :     07 Civ. 1398 (SHS)
                                                 :
                       Petitioner,               :
                                                 :     OPINION AND ORDER
       -against-                                 :
                                                 :
ING FUNDS DISTRIBUTOR, LLC, LAUREN               :
BENSINGER, ROBERT J. BOULWARE,                   :
BAYARD CLOSSER, JOHN HEILNER, AND                :
RICHARD JIMINEZ,                                 :
                                                 :
                       Respondents.              :
------------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

Stuart Fromm has petitioned this Court to modify an arbitration award dated December 5, 2006, in which a National Association of Securities Dealers ("NASD") arbitration panel resolved a dispute between Fromm and his former employer, ING Funds Distributor, Inc. ("ING"), and five ING employees. The arbitration panel found in petitioner's favor and awarded him $42,500, but Fromm asserts that the panel's award should be modified – specifically, the amount he was awarded should be substantially increased – because it is (1) in manifest disregard of the law, (2) arbitrary and capricious, (3) a barrier to the vindication of Fromm's statutory rights, and (4) in violation of public policy. Because Fromm has failed to meet the narrow and stringent standards that must be satisfied before an arbitration award may be modified, Fromm's petition is denied.

**I.     BACKGROUND**

Fromm – a financial services professional – was employed by ING as a wholesaler of mutual funds until his termination on June 8, 2004. Fromm alleges that he was fired in retaliation for questioning certain of ING's business practices that he

1

believed were in violation of law and NASD rules. On July 5, 2005, Fromm filed a claim for arbitration under the auspices of the NASD, alleging: (1) violation of the whistle-blower protections in the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A; (2) defamation, libel and slander; (3) failure to pay wages in violation of state law; (4) breach of contract; (5) unjust enrichment; (6) quantum meruit; and (7) conversion. After ten days of hearings, in which Fromm was represented by an attorney, the arbitration panel dismissed Fromm's claims against the individual defendants and, in an award dated December 5, 2006, ordered ING to pay Fromm $42,500 in compensatory damages. All other relief was denied. Fromm then filed this petition to modify or correct the NASD arbitration award.

## II.    DISCUSSION

### A.    Jurisdiction

The Federal Arbitration Act ("FAA") does not confer subject matter jurisdiction on federal courts. Harry Hoffman Printing, Inc. v. Graphic Commc'ns, Int'l Union, Local 261, 912 F.2d 608, 611 (2d Cir. 1990). As a result, actions brought pursuant to the FAA must present an independent basis for federal jurisdiction. Here, the Court has diversity jurisdiction to adjudicate this petition pursuant to 28 U.S.C. § 1332(a), as petitioner is a New York resident and none of the respondents reside in New York, and the amount in controversy exceeds $75,000.

### B.    Standard

Courts do not "sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts." United Paper Workers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 38, 108 S. Ct. 364, 98 L. Ed. 2d 286

(1987). This rule preserves the "'the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation.'" Hardy v. Walsh Manning Sec., LLC, 341 F.3d 126, 129 (2d Cir. 2003) (quoting DiRussa v. Dean Witter Reynolds, Inc., 121 F.3d 818, 821 (2d Cir. 1997)). In order to survive judicial review, "the arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (internal citations and quotation marks omitted). Therefore, when moving to modify an arbitration award, the petitioner bears "the burden of proof, and the showing required to avoid confirmation is very high." Id.

  C. Petitioner's Claims

Petitioner contends that the arbitration award should be modified for four reasons. First, Fromm asserts that the arbitration award was in manifest disregard of the law. Second, Fromm contends that the panel's award was arbitrary and capricious because it bears no rational relationship to the damages he believes that he has proven. Third, Fromm urges this Court to find that the arbitration award constitutes an impermissible barrier to the vindication of his rights under the Sarbanes-Oxley Act. Finally, Fromm contends that the panel's award violates public policy.

  *1. The Award Was Not in Manifest Disregard of the Law*

Petitioner contends that the arbitration award of $42,500 in compensatory damages is in manifest disregard of the law. While courts may vacate an arbitration award on the basis of manifest disregard of the law, this "doctrine of last resort" is reserved for "those exceedingly rare instances where some egregious impropriety on the

3

part of the arbitrators is apparent . . . ." Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 389 (2d Cir. 2003); Bear Stearns & Co. v. 1109580 Ontario, Inc., 318 F. Supp. 2d 199, 202 (S.D.N.Y. 2004). The test for determining whether this standard applies in a particular case, as formulated by the U.S. Court of Appeals for the Second Circuit, is as follows:

> A party seeking to vacate an arbitration award on the basis of manifest disregard of the law must satisfy a two-pronged test, proving that: (1) the arbitrator knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrator was well defined, explicit, and clearly applicable to the case.

D.H. Blair, 462 F.3d at 110-11 (internal quotation marks omitted); see also Wallace v. Buttar, 378 F.3d 182, 180 (2d Cir. 2004).

Fromm maintains that the arbitration panel's award was in manifest disregard of the law because it did not afford him all the relief to which he believes he is entitled. Specifically, petitioner emphasizes that (1) the whistleblower provision of the Sarbanes-Oxley Act entitles prevailing parties "to all relief necessary to make the employee whole," 18 U.S.C. § 1514A(c)(1); (2) prevailing parties in a defamation action are entitled to economic damages, compensatory damages, reputational damages, punitive damages, and attorneys' fees; and (3) awards in a "wage" claim under New York State law include economic damages and interest, among other forms of relief. In sum, Fromm contends that he prevailed in all of his causes of action and therefore is entitled to far greater relief than the $42,500 awarded by the arbitration panel.

However, Fromm's position rests upon a faulty premise: namely, that he prevailed in all of his claims. The arbitration award contains no such finding. Rather, the award states: "After considering the pleadings, the testimony and the evidence presented at the

4

hearing, the Panel has decided in full and final resolution of the issues submitted for determination" that ING is liable to Fromm for "compensatory damages in the amount of $42,500.00" and that "[a]ny and all relief not specifically addressed herein, including punitive damages, is denied." (Goldberg Certification, Exh. A.) Thus, the arbitration award does not state which of Fromm's claims were granted and which were denied. What is clear from the award, however, is that the panel believed petitioner prevailed on at least one of his claims and awarded him compensatory damages in an amount that the panel considered appropriate under the circumstances.

Accordingly, Fromm cannot satisfy either prong of the "manifest disregard" standard. First, he cannot show that the panel knew of a "governing legal principle" which it ignored or refused to apply, D.H. Blair, 462 F.3d at 111, because the award does not indicate which of petitioner's claims was granted. Similarly, Fromm cannot show that any legal principle allegedly disregarded by the panel was "well defined, explicit, and clearly applicable to the case," id., because the panel did not set forth what law governed its decision to award petitioner $42,500, nor was it required to do so. Therefore, petitioner's contention that the arbitration panel's award was in manifest disregard of the law is rejected.

      2.  *The Award Was Not Arbitrary and Capricious*

Fromm next contends that the panel's award of $42,500 was arbitrary and capricious because it bears no rational relationship to the injuries he believes that he proved to the panel. In support of an "arbitrary and capricious" standard of review, petitioner refers the Court to 9 U.S.C. §§ 10, 11, but neither of these provisions contains any reference to such a standard. Indeed, other courts in this district have found that no

such standard applies to petitions brought pursuant to the FAA. See Companhia de Navegacao Maritima Netumar v. Armada Parcel Serv., No. 96 Civ. 6441, 1997 U.S. Dist. LEXIS 309, at *16 (S.D.N.Y. Jan. 17, 1997) ("[A]lthough several other circuits have vacated arbitrations on the basis of arbitrariness, capriciousness, or irrationality, this Court has found . . . no case authority in this Circuit for applying such a test."); see also First Interregional Equity Corp. v. Haughton, 842 F. Supp. 105, 111-12 (S.D.N.Y. 1994); Refino v. Feuer Transp., Inc., 480 F. Supp. 562, 565 (S.D.N.Y. 1979).

Even if an "arbitrary and capricious" standard applied in this action, it would not provide grounds for disturbing the arbitration panel's award. At the arbitration hearing, ING offered the testimony of Renee Marino – a purported "expert on economic loss" – to rebut Fromm's damages calculation. (Goldberg Certification, Exh. I at 2232.) Marino testified that based on her analysis, Fromm's damages ranged from a low of $0 to a high of $85,000.[1] (Id. at 2247.) The panel's award of $42,500 falls precisely at the mid-point of Marino's range, and her testimony may have been the basis for the panel's decision. It is not necessary to determine whether the panel actually did credit Marino's testimony, because the mere fact that the award falls within the range shows the existence of "a ground for the arbitrator's decision [that] can be inferred from the facts of the case," D.H. Blair, 462 F.3d at 110, which is all that is required to confirm an arbitration award.

---

[1] In his moving papers, Fromm challenges the accuracy of Marino's calculations and disputes her expertise. However, such evidentiary determinations are not appropriately addressed in the context of a petition to modify an arbitration award. See Wallace v. Buttar, 378 F.3d 182, 193 (2d Cir. 2004) ("To the extent that a federal court may look upon the evidentiary record of an arbitration proceeding at all, it may do so only for the purpose of discerning whether a colorable basis exists for the panel's award so as to assure that the award cannot be said to be the result of the panel's manifest disregard of the law. A federal court may not conduct a reassessment of the evidentiary record . . . .").

6

       *3.*      *The Award Is Not a Barrier to the Vindication of Statutory Rights*

Petitioner urges the Court to modify the panel's award on the grounds that it is "an impermissible barrier to the vindication of Mr. Fromm's statutory rights." (Petition ¶ 15.) Fromm maintains that the Sarbanes-Oxley Act entitles him to "make-whole" damages and the arbitration panel's award falls far short of this statutory entitlement. Thus, under petitioner's reasoning, the award – by amounting to less than the sum which he believes would make him whole – prevents him from vindicating his rights under the Sarbanes-Oxley Act. However, Fromm provides the Court with no legal basis for modifying an arbitration award on these grounds, and the Court is unaware of any such basis. See Duferco, 333 F.3d at 388. Therefore, the panel's award will not be modified on the basis that it somehow obstructs petitioner from vindicating his statutory rights.

       *4.*      *The Award Does Not Violate Public Policy*

Fromm also claims that the arbitration panel's award violates public policy. In United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 43, 108 S. Ct. 364, 98 L. Ed. 2d 286 (1987), the U.S. Supreme Court observed that "a court may refuse to enforce [an arbitrator's award under] a collective-bargaining agreement when the specific terms contained in that agreement violate public policy." The Court explained that the "doctrine derives from the basic notion that no court will lend its aid to one who founds a cause of action upon an immoral or illegal act, and is further justified by the observation that the public's interests in confining the scope of private agreements to which it is not a party will go unrepresented unless the judiciary takes account of those interests when it considers whether to enforce such agreements." Id. at 42.

However, the Court emphasized the narrow scope of this doctrine, noting that it does not "sanction a broad judicial power to set aside arbitration awards as against public policy." Id. at 43. In order to set aside an arbitration award, a court must conclude that the award "would violate some explicit public policy that is well defined and dominant, and is to be ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests." Id. (internal quotation marks omitted). Applying Misco, the U.S. Court of Appeals for the Second Circuit explained:

> A court's task in reviewing an arbitral award for possible violations of public policy is limited to determining whether the award itself, as contrasted with the reasoning that underlies the award, 'creates [an] explicit conflict with other laws and legal precedents' and thus clearly violates an identifiable public policy. A court is not authorized to revisit or question the fact-finding or the reasoning which produced the award.

IBEW, Local 97 v. Niagara Mohawk Power Corp., 143 F.3d 704, 716 (2d Cir. 1998) (quoting Misco, 484 U.S. at 43).

Here, petitioner contends that the panel's award of $42,500 violates public policy because it falls short of the full measure of damages to which he claims to be entitled under federal and state law. The Second Circuit has held that this type of legal error does not constitute a violation of public policy warranting the modification of an arbitration award. In DiRussa v. Dean Witter Reynolds, Inc., 121 F.3d 818, 825 (2d Cir. 1997), the court refused to modify an arbitration award to include attorneys' fees that were authorized by statute on the grounds that such a ruling would require courts to find that "arbitration awards violate public policy whenever an arbitrator erroneously interprets federal statutory law." The Second Circuit concluded that expanding the scope of the public policy exception in this fashion would undermine the highly deferential standard of review applicable to arbitration awards. Id. Accordingly, this Court will not modify

8

the arbitration panel's award in this case on the basis that the amount of damages awarded violates public policy.

### III. CONCLUSION

Because Fromm has failed to meet the narrow and stringent standards that must be satisfied before an arbitration award may be modified, Fromm's petition to modify or correct the NASD arbitration award dated December 5, 2006 is denied.

Dated: New York, New York
        May 24, 2007

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.